UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSSLYN MOTHA,

    Plaintiff,

v.

TIME WARNER CABLE INC., et al.,

    Defendants.

Case No. 16-cv-03585-HSG

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 16

Before the Court is a motion to dismiss Plaintiff Josslyn Motha's ("Plaintiff") complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Time Warner Cable, Inc. ("TWC"), Time Warner Cable Enterprises, LLC ("TWCE"), Time Warner NY Cable, LLC ("TWNYC"), Charter Communications, Inc. ("Charter"), and Bank of America NA (collectively, "Defendants").  Defendants contend that Plaintiff's claims are barred by (1) the statute of limitations; (2) the doctrine of issue preclusion; and (3) Plaintiff's consent to the sale of the allegedly converted property, and otherwise fail to state a claim upon which relief can be granted.  Dkt. No. 16 ("Mot.").  Plaintiff has filed an opposition, Dkt. No. 19 ("Opp."), and Defendants have replied, Dkt. No. 36 ("Reply").

The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted.  *See* N.D. Civ. L.R. 7−1(b).  For the reasons set forth below, the Court finds that Plaintiff's claim is time-barred on its face and **GRANTS** Defendants' motion to dismiss with leave to amend.

**I.    BACKGROUND**

Plaintiff is the co-inventor of 4 U.S. patents, one pending U.S. application, several foreign patents and applications, and one U.S. trademark (collectively, the "Disputed IP"), all of which she developed over the course of several years with her ex-husband, Thomas Meyer.  *See* Dkt. No.

1 ¶¶ 2, 12. In January 2011, Plaintiff and her husband were divorced by Judicial Decree in Hawaii, and agreed to sell "some" of their patents by auction. *See id.* ¶ 15 & n.6. Following the sale of the Disputed IP, an auctioneer deposited $30,000 into the couple's joint bank account. *Id.* ¶ 15.

Plaintiff now alleges that she never executed a written assignment of her ownership rights in the Disputed IP, *see id.* ¶ 23, that assignments executed by TWC and its predecessor-in-interest, Pleasant View, LLC, were invalid transfers of ownership, *see id.* ¶¶ 32-33, that the Disputed IP was wrongfully converted, *see id.* ¶ 2, and that she did not "discover" the wrongful conversion until March 26, 2014, *see id.* ¶¶ 16-22.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). On a motion to dismiss, the Court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Although the Court generally is confined to assessing the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). Similarly, "facts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, a complaint may not be dismissed unless it appears "beyond doubt" that plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v.*

2

*City of El Monte,* 138 F.3d 393, 402 (9th Cir. 1998).

## III. DISCUSSION

### A. Judicial Notice

As a preliminary matter, the Court addresses the parties' requests for judicial notice. *See* Dkt. Nos. 17, 20. A court may only "take judicial notice of facts that are 'not subject to reasonable dispute.'" *Pinterest, Inc. v. Pintrips, Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (quoting Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2)." *United States v. Ritchie*, 342 F. 3d 903, 909 (9th Cir. 2003).

Defendants seek to judicially notice the following categories of documents: (1) documents related to an action filed by Plaintiff in the Superior Court of California for the County of Los Angeles; (2) a divorce decree filed in the Family Court of the Second Circuit, State of Hawaii; (3) an Auction Consignment Agreement; and (4) patent assignments publicly recorded with the USPTO on January 14, 2011, February 19, 2013, and April 24, 2013. *See* Dkt. No. 17. Plaintiff also seeks to judicially notice the patent assignment publicly recorded with the USPTO on February 19, 2013, *see* Dkt No. 20, Ex. G, in addition to several documents related to facts not raised in the operative complaint. *See* Dkt. No. 20, Exs. A-F, H-O, Z.

Patent assignments publicly recorded with the USPTO are the proper subject of judicial notice when they are undisputed. *See Klang v. Pflueger*, No. SACV 13–01971 JVS (DFMx), 2014 WL 4922401, at *1 (C.D. Cal. July 10, 2014). Here, the Court notes that Plaintiff disputes the authenticity of her signature on the assignment publicly recorded with the USPTO on January 14, 2011, and thus the validity of the two subsequently filed assignments. *See* Dkt. No. 1 ¶¶ 6, 20, 23, 33-34, 41. The Court therefore does not judicially notice the assignments for the purpose of establishing their validity. However, because Plaintiff does not dispute that the assignments were recorded with the USPTO, the Court finds it proper to judicially notice the assignments "for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates." *See Pinterest*, 15 F. Supp. 3d at 997; *see* Dkt. No. 1 ¶¶ 4, 19, 33; *see* Opp. at 16. The

Court declines to take judicial notice of the remaining documents, as the Court does not rely on them in resolving this Motion. *See Molex v. City and County of San Francisco*, No. 11–cv–01282–YGR, 2012 WL 3042256, at *1 (N.D. Cal. July 25, 2012).[1]

B. **Statute of Limitations**

Under California law, the statute of limitations for a conversion claim is three years. *See* Cal. Code Civ. Proc. § 338(c)(1). "Breach alone does not trigger the statute of limitations" on a conversion claim. *Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 170597, at *5 (N.D. Cal. Jan. 17, 2008). "The limitations period only begins to run when the plaintiff has actual or constructive notice of the facts giving rise to the claim." *Id.* A plaintiff "is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398 (9th Cir. 1991) (internal quotation marks omitted). It is well settled that "[i]ssuance of a patent and recordation in the Patent Office constitute notice to the world of its existence." *Id.* at 1397; *see also Sontag Chain Stores Co. Ltd. v. Nat'l Nut Co. of Cal.*, 310 U.S. 281, 294 (1940) (stating that following recordation with the patent office, "[c]onstructive notice of [a patent's] existence goes thus to all the world"). "By the same token, recordation of [an] assignment . . . impart[s] like 'notice to the world of its existence.'" *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 157 (S.D. Cal. 1954).

Here, it is evident from the face of the complaint and judicially noticed documents that Plaintiff had constructive notice of the allegedly fraudulent assignment of the Disputed IP as early as January 14, 2011, when Pleasant View, LLC recorded the assignment with the USPTO. *See* Dkt. No. 16-14. Reasonable diligence would have led Plaintiff to discover that assignment, and any allegedly fraudulent aspect of it, at that time. *See Gen. Bedding*, 947 F.2d at 1398. Plaintiff's argument that each subsequent assignment restarted the clock on the statute of limitations does not change this conclusion. *See* Opp. at 20. The last assignment of the Disputed IP from TWC to

---

[1] The Court also does not consider any new facts presented by Plaintiff in its opposition. *See* Fed. R. Civ. Pro. 12(d); *see also Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)).

4

TWCE was recorded with the USPTO on April 24, 2013.  *See* Dkt. No. 16-16.  Thus, even if Plaintiff's assertion were correct, Plaintiff's filing of this action in June 2016 fell outside of the three-year statute of limitations window that closed in April 2016, meaning the case still would be time-barred.[2]

The Court therefore **GRANTS** Defendants' motion to dismiss.[3]  As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. Proc. 15(a).  However, leave to amend may be denied when the Court "determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Given the lengthy history established in the underlying related cases, the Court has significant skepticism that Plaintiff will be able to plead any new facts that change the analysis above.  Nevertheless, because the Court cannot conclusively say at this point that the pleadings "could not possibly be cured," *id.*, Plaintiff is granted a final opportunity to amend her complaint by December 30, 2016.

**IT IS SO ORDERED.**

Dated: 12/2/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Because the case is facially time-barred, even assuming Plaintiff's "restart" theory is correct, the Court does not decide whether that theory has any legal merit.

[3] Having found that Plaintiff's claims are time-barred, the Court does not consider Defendants' additional affirmative defenses or arguments.