UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSSLYN MOTHA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TIME WARNER CABLE INC., et al.,<br><br>　　　　　　Defendants. | Case No. 16-cv-03585-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 48, 49 |

Pending before the Court is a motion to dismiss Plaintiff Josslyn Motha's ("Plaintiff") first amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Time Warner Cable, LLC ("TWC"), Time Warner Cable Enterprises, LLC ("TWCE"), and Bank of America NA (collectively, "Defendants"). Defendants contend that Plaintiff's claims are barred by (1) the statute of limitations; and (2) the doctrine of issue preclusion; and otherwise fail to state a claim upon which relief can be granted or sufficient to satisfy the pleading standards set out under Federal Rule of Civil Procedure 9(b). Dkt. No. 48 ("Mot."). Plaintiff has filed an opposition, Dkt. No. 58 ("Opp."), and Defendants have replied, Dkt. No. 60 ("Reply").

The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7–1(b). For the reasons set forth below, the Court finds that Plaintiff's claim is facially time-barred and **GRANTS** Defendants' motion to dismiss with prejudice.

//

//

//

## I. BACKGROUND[1]

Plaintiff is the co-inventor of 4 U.S. patents, one pending U.S. application, several foreign patents and applications, and one U.S. trademark (collectively, the "Disputed IP"), all of which she developed with her ex-husband, Thomas Meyer. over the course of several years. *See* Dkt. No. 42, ¶¶ 17, 18, 19. In October 2009, Plaintiff and her husband "decided to divorce," and agreed to sell the Disputed IP by auction. *See id.* ¶ 36. While Plaintiff "expected the [Disputed IP] to fetch $1,000,000, or more, at this auction," on the day of the auction she received a notice signed by her husband that lowered the reserve price from $1,000,000 to $30,000. *Id.* ¶ 39. Plaintiff agreed to the lowered price despite having reservations, "based on the statements and conduct of [her husband] related to the value of the [Disputed IP]," and other financial pressures he had placed upon her. *Id.* ¶ 40.

Plaintiff now alleges that the auction was "fake," and conducted only to sell the Disputed IP to a shell company, which then sold the property to Defendants, *id.* ¶¶ 40, 43-45, that she relied on false and misleading representations made by her husband—of which Defendants "participated in or had reason to know"—in agreeing to auction off the Disputed IP, *id.* ¶ 46, 57, 77-78, and that she did not "discover" the wrongful conversion until March 2014, *see id.* ¶ 41.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). On a motion to dismiss, the Court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in

---

[1] Defendants seek judicial notice of several categories of documents. *See* Dkt. No. 49. The Court previously took notice of one of these documents—a November 11, 2010 assignment of the Disputed IP recorded with the United States Patent and Trademark Office on January 14, 2011— "for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates." Dkt. No. 39 at 3 (citing *Pinterest, Inc. v. Pintrips, Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014)). The Court **GRANTS** Defendants' request for judicial notice with regard to the same document, Dkt. No. 49, Ex. 13, with the same limitation, and declines to take judicial notice of the remaining documents, as the Court does not rely on them in resolving this Motion. *See Molex v. City and County of San Francisco*, No. 11–cv– 01282–YGR, 2012 WL 3042256, at *1 (N.D. Cal. July 25, 2012).

2

the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Although the Court generally is confined to assessing the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). Similarly, "facts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir. 1980). However, a complaint may not be dismissed unless it appears "beyond doubt" that plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte,* 138 F.3d 393, 402 (9th Cir. 1998).

### III. DISCUSSION

Under California law, the statute of limitations for (1) intentional or negligent interference with prospective economic advantage is two years, *see* Cal. Code Civ. Proc. § 339(1); (2) conversion and conspiracy to defraud is three years, *see id.* § 338(c), (d); and (3) rescission and violation of § 17200 is four years, *see id.* § 337; Cal. Bus. & Prof. Cod § 17208. "Breach alone does not trigger the statute of limitations." *Applera Corp.-Applied Biosystems Grp. v. Illumina, Inc.*, No. C 07-02845 WHA, 2008 WL 170597, at *5 (N.D. Cal. Jan. 17, 2008). "The limitations period only begins to run when the plaintiff has actual or constructive notice of the facts giving rise to the claim." *Id.* A plaintiff "is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398 (9th Cir. 1991) (internal quotation marks omitted). It is well-settled that "[i]ssuance of a patent and recordation in the Patent Office constitute notice to the world of its existence." *Id.* at 1397; *see also Sontag Chain Stores Co. Ltd. v. Nat'l Nut Co. of Cal.*, 310 U.S. 281, 294 (1940) (stating that following

recordation with the patent office, "[c]onstructive notice of [a patent's] existence goes thus to all the world"). "By the same token, recordation of [an] assignment . . . impart[s] like 'notice to the world of its existence.'" *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 157 (S.D. Cal. 1954).

Here, Plaintiff does not dispute that she was aware of the purported 'live auction' that occurred in November 2010," that the Disputed IP "was purportedly sold at that auction," or that the resulting assignment was publicly recorded by the United States Patent and Trademark Office ("USPTO"). *See* Dkt. No. 42 ¶ 40; Mot., Ex. 13; Opp. at 8. It is thus evident from the face of the complaint and the judicially-noticed document that Plaintiff had constructive notice of the assignment of the Disputed IP as early as November 2010 when she agreed to sell it, and in January 2011 when Pleasant View, LLC recorded the assignment with the USPTO. *See* Mot., Ex. 13. Reasonable diligence would have led Plaintiff to discover that assignment, and any allegedly fraudulent aspect of it, at that time, particularly because Plaintiff viewed the sale amount of $30,000 to be "paltry." *See Gen. Bedding*, 947 F.2d at 1398; Opp. at 11.

Plaintiff's argument that the discovery rule applies because she "had no reason to be suspicious that the 'live auction' was a fraud until 2014" does not change that conclusion. Plaintiff was aware of the sale of the Disputed IP for $30,000 on the date that she agreed to sell it, and could have confirmed that assignment in January 2011 when it was publicly recorded with the USPTO. That she did not know it would eventually be assigned to Defendants is of no consequence. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1998) (holding that "ignorance of the legal significance of known facts or the identity of the defendant would not delay the running of the statute.").

Nor is Plaintiff's contention that Meyer owed her a fiduciary duty relevant to the Court's analysis, because even if he did, Meyer is not a party to this action, and Plaintiff does not allege that Defendants owed her a similar duty. However, even assuming that a fiduciary duty existed between Plaintiff and Defendants, which the Court does not decide here, "[t]he existence of the fiduciary relationship limits the plaintiff's duty of inquiry by eliminating the plaintiff's usual duty to conduct due diligence, but it does not empower that plaintiff to sit idly by when facts sufficient to arouse the suspicions of a reasonable [person] [ ] come to his [or her] attention." *Ferguson v.*

4

*Yaspan*, 233 Cal. App. 4th 676, 683 (2014) (internal quotation marks omitted). Plaintiff possessed sufficient information to arouse suspicion as to her claims from the date that she sold the Disputed IP for what she believed to be a "paltry" sum. This action is thus facially time-barred in its entirety.

Because Plaintiff's "pleading could not possibly be cured by the allegation of other facts," the Court **GRANTS** Defendants' motion to dismiss with prejudice.[2] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) (affirming district court's dismissal of claims fatally contradicted by documents attached to plaintiff's complaint). The clerk is directed to enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: 8/23/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Having found that Plaintiff's claims are time-barred, the Court does not consider Defendants' additional arguments.

5